IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00775–EWN–MEH

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL
UNION, LOCAL NO. 7,

      Plaintiff,

v.

KING SOOPERS, INC., a Division of Dillon Companies, Inc., and a wholly
owned subsidiary of the Kroger Company,

      Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

      This is an action to vacate an arbitration award. Plaintiff United Food and Commercial Workers International Union, Local No. 7 challenges the arbitration award (hereinafter the "Award") of Arbitrator John A. Criswall (hereinafter the "Arbitrator") denying Plaintiff's grievance regarding the discharge of Alisha Caine (hereinafter "Grievant"). This matter comes before the court on: (1) "Defendant's Motion for Summary Judgment," filed September 5, 2006; and (2) Plaintiff's Motion for Summary Judgment," filed September 11, 2006. Jurisdiction is premised upon the existence of a federal question, 28 U.S.C. §§ 1331, 1367 (2006).

## FACTS

*1. Factual Background*

The relevant facts of this case are essentially undisputed. Plaintiff, a labor organization, and Defendant, an employer, are parties to a collective bargaining agreement (hereinafter "CBA"). (Def.'s Br. in Supp. of Mot. for Summ. J., Statement of Undisputed Material Facts ¶¶ 1–3 [filed Sept. 5, 2006] [hereinafter "Def.'s Br."]; *admitted at* Br. in Supp. of Pl.'s Mot. for Summ. J., Statement of Undisputed Material Facts ¶ 1 [filed Sept. 11, 2006] [hereinafter "Pl.'s Br."].)[1] The CBA provides in relevant part:

### ARTICLE 6
### RIGHTS OF MANAGEMENT

Section 14. The Employer retains the right to manage the store or stores, to direct the working forces, and to make necessary reasonable rules and regulations for the conduct of business, providing that said rules and regulations are not in conflict with the terms of [the CBA] in any way . . . .

### ARTICLE 26
### PROBATIONARY PERIOD

Section 62. The first (30) calendar days of employment shall be considered a trial period, during which time an employee may be terminated for any reason and he shall have no recourse to the grievance or arbitration procedures set forth in the [CBA] concerning such termination.

### ARTICLE 40

---

[1]Although my practice standards require that non-movant admit or deny movant's asserted material facts in "separate paragraphs numbered to correspond to movant's paragraph numbering," Plaintiff has declined to do so. (*See* Practice Standards—Civil, Special Instructions Concerning Motion for Summary Judgment ¶ 4.) Instead, Plaintiff responds to Defendant's eighteen paragraphs of undisputed facts in Plaintiff's own motion for summary judgment, utilizing five paragraphs of undisputed facts, each referencing multiple of Defendant's undisputed facts.

### DISCHARGE AND NO DISCRIMINATION

<u>Section 114.</u> . . . [N]o employee who falls within the bargaining unit shall be discharged without good and sufficient cause.[2]

### ARTICLE 43
### DISPUTE PROCEDURE

<u>Section 125.</u>  The arbitrator shall have all the rights, power, and duties herein given, granted and imposed upon him; but his award shall not change, alter or modify any of the terms and conditions set forth in [the CBA]. . . .

(Compl. ¶ 6 [filed Apr. 24, 2006] [hereinafter "Compl."]; *admitted at* Answer ¶ 6 [filed May 4, 2006] [hereinafter "Answer"]; *see also* Def.'s Br., Ex. A–2 [CBA].)  Article 43 of the CBA sets forth a three-step dispute procedure to resolve grievances, which culminates in binding arbitration before an impartial arbitrator selected by the parties.  (Def.'s Br., Statement of Undisputed Material Facts ¶¶ 4–5; *admitted at* Pl.'s Br., Statement of Undisputed Material Facts ¶ 1.)  Employees terminated during their thirty-day probationary period have no access to the grievance or arbitration procedures set forth in the CBA.  (*Id.*, Statement of Undisputed Material Facts ¶ 14; *admitted at* Pl.'s Br., Statement of Undisputed Material Facts ¶ 1.)

On October 20, 2004, Grievant was hired as a part-time courtesy clerk by Defendant. (Compl. ¶ 7; *admitted at* Answer ¶ 7.)  That same day, Grievant executed a "sign-off sheet," which states: "I understand that I have been hired contingent upon successfully passing a pre-employment drug screen and criminal background investigation."  (*Id.*; *admitted at* Answer ¶ 7;

---

[2]The parties use the term "good and sufficient cause" interchangeably with "just cause." For the purposes of this motion, I adopt the language of the CBA and refer only to "good and sufficient cause."

*see also* Def.'s Br., Ex. A–4 [Sign-off Sheet].)  On December 2, 2004, approximately two weeks after Grievant had successfully completed her thirty-day probationary period, she was terminated due to purportedly failing to pass the pre-employment drug screen.  (Compl. ¶ 8; *deemed admitted at* Answer ¶ 8.)[3]  On January 10, 2006, the parties held an arbitration hearing before the Arbitrator regarding Plaintiff's challenge of Grievant's termination.  (Def.'s Br., Statement of Undisputed Material Facts ¶¶ 6–7; *admitted at* Pl.'s Br., Statement of Undisputed Material Facts ¶ 1.)  At the commencement of the hearing, the parties stipulated that the issues presented for resolution by the Arbitrator were:

   a. Did [Defendant] have a good and sufficient cause to terminate [Grievant]?

   b. If not, what would be the proper remedy for this contract violation?

(*Id.*, Ex. A–3 at 2 [Award].)

At the arbitration, Plaintiff argued that Defendant's pre-hire drug test contingency is limited in application to probationary employees, so that after an employee has successfully completed her thirty-day probationary period, she may not be fired due to failure to pass her pre-employment drug screening.  (*Id.*, Statement of Undisputed Material Facts ¶¶ 12–13; *admitted at* Pl.'s Br., Statement of Undisputed Material Facts ¶ 1.)  The Arbitrator concluded that: (1) Defendant's rule that employees are hired subject to a drug screen (hereinafter the "Rule") can be applied to an employee who has completed her probationary period; (2) the right to apply the Rule was not waived merely by lapse of the probationary period; and (3) the Rule as applied to

---

[3] It appears that Grievant challenges the accuracy of the drug test, but does not contest that she was fired due to her purported failure of the drug test.  (*See* Pl.'s Br. *passim.*)

Grievant and the degree of discipline imposed (termination) was reasonable and should not be mitigated. (*Id.*, Statement of Undisputed Material Facts ¶¶ 16–18; *admitted at* Pl.'s Br., Statement of Undisputed Material Facts ¶¶ 3–4; *see also id.*, Ex. A–3 at 10–12 [Award].)

### *2.     Procedural History*

On April 24, 2006, Plaintiff filed a complaint in this court asserting that the Award should be vacated because: (1) the Arbitrator exceeded his authority; (2) the Award failed to draw its essence from the CBA; and (3) the Arbitrator dispensed his own brand of industrial justice. (Compl. ¶¶ 12–22.) On May 4, 2005, Defendant answered the complaint. (Answer.) On September 5, 2006, Defendant filed a motion for summary judgment arguing the Award should not be vacated because: (1) there is no evidence the Award violated the CBA; (2) the Award drew its essence from the CBA; and (3) there is no evidence the Arbitrator dispensed his own brand of industrial justice. (Def.'s Br. at 5–13.) Plaintiff did not respond to Defendant's motion, but, instead, filed its own motion for summary judgment on September 11, 2006, arguing only that the Award did not draw its essence from the CBA. (Pl.'s Br. at 4–5.) On September 29, 2006, Defendant responded to the motion. (Def.'s Resp. to Pl.'s Mot. for Summ. J. [filed Sept. 29, 2006] [hereinafter "Def.'s Resp."].) Plaintiff did not reply in support of its motion. Because all dispositive motion deadlines have passed, this issue is fully briefed and ripe for review.

## ANALYSIS

### *1.     Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed

in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### 2. *Evaluation of Claims*

Defendant seeks summary judgment on all three of Plaintiff's claims. (Def.'s Br. at 5–13.) Specifically, Defendant argues: (1) the Arbitrator did not exceed the authority granted him in the CBA; (2) the Award draws its essence from the CBA; and (3) there is no evidence that the Arbitrator dispensed his own brand of industrial justice. (*Id.*) Plaintiff only responds to Defendant's second argument (and only in Plaintiff's own motion for summary judgment), asserting that the Arbitrator's findings were contrary to the express language of the contract. (Pl.'s Br. at 4–5.) I address each claim below.

#### a. *Arbitral Awards*

A court's review of arbitral awards in labor disputes is "among the narrowest known to the law." *Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir. 1989). "'The courts are not authorized to reconsider the merits of any award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.'" *Local No. 7 United Food & Commercial Workers v. King Soopers, Inc.*, 222 F.3d 1223, 1226 (10th Cir. 2006) (quoting *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 36 [1987]). After all, the parties have contracted at arms length to the resolution of disputes by an impartial arbitrator, not the courts. *Id.* Moreover, those arbitrators are "'indispensable agencies in a continuous collective bargaining process. They sit to settle disputes at the plant level—disputes that require for their solution knowledge of the custom and

practices of a particular factory or of a particular industry as reflected in particular agreements.'" *Id.* at 1226–27 (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 563 [1960]).

There are, nonetheless, some limits to the deference courts owe to an arbitrator's award in labor disputes. *Id.* at 1227. "'[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice . . . . [H]is award is legitimate only so long as it draws it essence from the collective bargaining agreement.'" *Id.* (quoting *United Steelworkers*, 363 U.S. at 597). Still, if the "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,'" his determination may not be reviewed by this court. *Id.* (quoting *Misco*, 484 U.S. at 38).

### b.     *Claim 1: Exceeding Authority*

Defendant seeks summary judgment on Plaintiff's claim that the Arbitrator exceeded the authority granted him in the CBA. (Def.'s Br. at 5–10.) Plaintiff alleged in its complaint that by allowing Defendant to exercise the drug-test contingency during Grievant's post-probationary period, the Arbitrator improperly created an exception to the good and sufficient cause requirement for the termination of employees covered by the CBA. (Compl. ¶ 11.) According to Plaintiff, such an exception is in violation of the CBA and thus exceeds the Arbitrator's authority. (*Id.* ¶¶ 11–15.) Defendant argues that the Arbitrator did not base his determination on an exception to the good and sufficient cause requirement, but, instead, found "good and sufficient" reason for the termination under the terms of the CBA. (Def.'s Br. at 5–10.)

After reviewing the Award, I find no basis for Plaintiff's claim. The Arbitrator explicitly addressed the question of whether Defendant had "good and sufficient cause to terminate [Grievant]" and determined that the Rule provided such cause. (*See id.*, Ex. A–3 at 2, 9–10 [Award].) The CBA grants management the right to promulgate "necessary and reasonable rules and regulations for the conduct of business," so long as those rules are "not in conflict with the terms of the [CBA]." (*Id.*, Ex. A–2 at 2 [CBA].) In the Award, the Arbitrator, noting that Plaintiff did not contest the reasonableness of the Rule, set about the task of determining whether, under the language of the Rule, it could be applied to post-probationary employees. (*See id.*, Ex. A–3 at 8–10 [Award].) Finding "nothing on the face of the [R]ule that would suggest that the contingency referred to seemingly disappears simply because the probationary period has elapsed," the Arbitrator concluded that the Rule, "therefore . . . cannot be interpreted as being inapplicable once the employee successfully completes the probationary period." (*Id.*, Ex. A–3 at 10 [Award].)[4] Based on the foregoing, as well as Plaintiff's failure to point to any language in the Award to the contrary, I find absolutely no evidence that the Arbitrator created an exception to the CBA's good and sufficient cause requirement. Instead, although the Arbitrator does not state it explicitly, the language of the Award, as noted above, suggests the Arbitrator found

---

[4]This court feels compelled to note that, considering there is no express provision in the CBA addressing the applicability of the Rule to post-probationary employees, the Arbitrator's determination was eminently reasonable. Although "[a]rbitrators have no obligation to the court to give their reasons for an award," *United Steelworkers*, 363 U.S. at 598, the Arbitrator here succinctly explained: "Indeed, the very underlying purpose of the [R]ule would be defeated by a holding that the contingency is met simply by the passage of time, even though, as a matter of fact, it was *not* met." (Def.'s Br., Ex. A–3 at 10 [Award] [emphasis in original]).

Defendant's application of the Rule under the circumstances in this case constituted good and sufficient cause for Grievant's termination. *Cf. United Steelworkers*, 363 U.S. at 598 ("A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the entire award."). Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim that the Arbitrator exceeded his authority.[5]

### c.     *Claim 2: Drawing from the Essence of the CBA*

Defendant also seeks summary judgment on Plaintiff's claim that the Award did not draw its essence from the CBA. (Def.'s Br. at 10–12.) An award does not draw its essence from the CBA if: (1) "'it is contrary to the express language of the contract;'" (2) "'[it] is so unfounded in reason and fact, so unconnected with the working and purpose of the agreement as to manifest an

---

[5]This court is of the view that at the base of this and, in fact, all of Plaintiff's claims is the contention "that by applying correct principles of law to the interpretation of the [CBA] it can be determined that [the Rule does not apply to post-probationary employees], and that, therefore, the [A]rbitrator's decision was not based upon the [CBA]." *See United Steelworkers*, 363 U.S. at 598. Yet, it has long been established that:
>acceptance of this view would require courts, even under the standard arbitration clause, to review the merits of every construction of the contract. This plenary review by a court of the merits would make meaningless the provisions that the arbitrator's decision is final, for in reality, it would almost never be final.

*Id.* at 588–89. This court refuses to take Plaintiff's bait and reexamine the merits of the Arbitrator's decision.

Still, this court feels compelled to note that, considering there is no express provision in the CBA addressing the applicability of the Rule to post-probationary employees, the Arbitrator's determination was eminently reasonable. Although "[a]rbitrators have no obligation to the court to give their reasons for an award," *United Steelworkers*, 363 U.S. at 598, the Arbitrator here succinctly and persuasively explained: "Indeed, the very underlying purpose of the [R]ule would be defeated by a holding that the contingency is met simply by the passage of time, even though, as a matter of fact, it was *not* met." (Def.'s Br., Ex. A–3 at 10 [Award] [emphasis in original]).

infidelity to the obligation of the arbitrator;'" or (3) "'viewed in the light of its language, its context, and any other indicia of the parties' intention, it is without factual support.'" *Local No. 7*, 222 F.3d at 1227 (quoting *Mistletoe Express Serv. v. Motor Expressmen's Union*, 566 F.2d 692, 694 [10th Cir. 1977]).  Plaintiff argues the Award is contrary to the express language of the CBA.  (Pl.'s Br. at 5.)  Specifically, Plaintiff contends that because an employee has no right to utilize the dispute procedure prior to successfully completing her probationary period, "there is no right to engage the dispute procedure for conduct that occurs prior to or during the probationary period."  (*Id.*)  Yet, Plaintiff has pointed to no language in the CBA stating that an Arbitrator may not consider an employee's conduct prior to or during the probationary period.  (*See id.*)  Thus, this is a matter of contract interpretation—a subject this court has no right or desire to broach. *See United Steelworkers*, 363 U.S. at 599 (noting "it is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his").

Based on the foregoing, I find Plaintiff has failed to allege sufficient facts to establish that the Award did not draw its essence from the CBA.  On the contrary, I find the Award makes clear that the determination regarding application of the Rule in the instant case was clearly grounded in two of the CBA Articles cited by the Arbitrator: (1) Article 6, "Rights of Management," which establishes Defendant's right to establish the Rule; and (2) Article 40, "Discharge and No Discrimination," which establishes that a post-probationary employee shall not be discharged without "good and sufficient cause."  (*See* Def.'s Br., Ex. A–3 at 2–3 [Award].)  Ultimately,

because "[t]he [A]rbitrator's decision makes it clear that he was interpreting the [Rule] in light of the employer's right to discharge only for just cause," this court "cannot review the merits" of the Award. *See Kennecott Utah Copper Corp. v. Becker*, 195 F.3d 1201, 1205 (10th Cir. 1999).

### d. *Claim 3: Industrial Justice*

Finally, Defendant seeks summary judgment on Plaintiff's claim that the Arbitrator dispensed his own brand of industrial justice. (Def.'s Br. at 12–13.) Plaintiff supports its claim with a single allegation in its complaint: "When an arbitrator violates the terms of a collective bargaining agreement and/or sits to dispense his own brand of industrial justice, as the Arbitrator did in the Award which is the subject of this civil action, the Award must be vacated." (Compl. ¶ 22.) Put simply, such a conclusory allegation, without reference to supporting caselaw or facts, is patently insufficient to establish a genuine issue of material fact. *Baker v. Penn Mut. Life Ins. Co.*, 788 F.2d 650, 653 (10th Cir. 1986). Additionally, I note that this court's review of the Award reveals no evidence that the Arbitrator based his decision on anything other than contractual grounds. *See Arch of Ill. v. Dist. 12 United Mine Workers*, 85 F.3d 1289, 1293 (7th Cir. 1996) (stating "before we reject an award because of language in the arbitrator's opinion, the opinion must unambiguously reflect that the arbitrator based his decision on noncontractual grounds"). Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim that the Arbitrator dispensed his own brand of industrial justice.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED as follows:

1.      Defendant's motion (# 15) for summary judgment is GRANTED.

      2.      Plaintiff's motion (# 17) for summary judgment is DENIED.

      3.      The clerk shall forthwith enter judgment in favor of Defendant and against Plaintiff, dismissing the case with prejudice. Defendant may have its costs by filing a bill of costs within eleven days of the date on which this order is filed.

Dated this 23rd day of March, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge